FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 15 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID HOSANNAH,

                Petitioner,

-against-

JUDGE JERALD S. CARTER, Supreme Court
of Nassau County, SUPREME COURT OFFICER'S
[sic] OF NASSAU COUNTY, THE SHERIFF'S [sic]
OF NASSAU COUNTY CORRECTIONAL CENTER,

                Respondents.
----------------------------------------------------------------X

OPINION & ORDER
15-CV-3254(JFB)

JOSEPH F. BIANCO, District Judge:

On May 26, 2015, petitioner David Hosannah ("petitioner"), appearing *pro se*, filed a seeks petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time he filed the petition. Accordingly, the Court sent petitioner a Notice of Deficiency on June 4, 2015 that instructed petitioner to either remit the filing fee or complete and return the enclosed *in forma pauperis* application. [*See* Docket Entry No. 2.] On June 15, 2015, petitioner timely filed the *in forma pauperis* application. [*See* Docket Entry No. 3.] Upon review of petitioner's *in forma pauperis*

---

[1] The Court notes that petitioner has named a state court trial judge, unidentified state court officers, and the Nassau County Correctional Center as respondents. However, the only proper respondent in a proceeding under 28 U.S.C. § 2254 is a petitioner's custodian. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). The "proper person to be served in the usual § 2254 habeas case is either the warden of the institution in which the [prisoner] is incarcerated . . . or the chief officer in charge of state penal institutions." *DeSousa v. Abrams*, 467 F. Supp. 511, 512 (S.D.N.Y. 1979) ("This is because it is the 'custodian' who must make the return certifying the true cause of detention, *see* 28 U.S.C. § 2243, and who will have to carry out the order of the court if the writ is granted.") (citing the Advisory Committee Note to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts). Accordingly, because petitioner is incarcerated at the Nassau County Correctional Center, the proper respondent is the warden thereof and the Clerk of the Court is directed to so amend the caption.

application and the declaration submitted in support thereof, the Court finds that petitioner is qualified to proceed *in forma pauperis*. Accordingly, the application to proceed *in forma pauperis* is granted.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial review of this petition and, for the reasons set forth below, has determined that because the petition seeks to challenge his on-going criminal action pending in the Nassau County Court, Criminal Term, under criminal docket number 01722N-2013, it is it is premature and unexhausted. Accordingly, the petition is *sua sponte* dismissed without prejudice.

## BACKGROUND

Petitioner challenges his prosecution before Acting Nassau County Supreme Court Justice Jerald Carter in April 2014. More specifically, petitioner complains that he was labeled as an "escape risk" by Judge Carter during the course of his prosecution in violation of petitioner's "Firsth [sic], Fifth, Sixth, Eighth and Nineth [sic] Amendment Rights." Petition at 1. Petitioner complains that this designation resulted in, *inter alia*, him having to be "escorted everywhere by correctional officer[s]" and being segregated from his co-defendants. *Id.* at 3, 20-22. Petitioner does not provide any information concerning the criminal charges underlying his petition, nor does he allege whether he has been convicted. According to the case information maintained by the New York State Unified Court System, his criminal case arises from petitioner's September 13, 2013 arrest where he was charged with several felony counts, including robbery in the first and second degrees in violation of N.Y. Penal Law §§ 160.15(4), 160.10(1) and criminal possession of a weapon in the third degree in violation of N.Y. Penal Law § 265.02. *See* New York State Unified Court System, WebCrims, Case Details-Appearances, available at http://iapps.courts.state.ny.us/webcrim (last

2

visited July 9, 2015). The case information further reflects that petitioner was indicted and pled not guilty to such charges on October 21, 2013 and is awaiting trial. (*Id.*)

## DISCUSSION

"A federal court only has jurisdiction to hear a petition filed pursuant to title 28 U.S.C. section 2254 where the petitioner is 'in custody pursuant to the judgment of a State court.'" *Henry v. Davis*, No. 10-CV-5172, 2011 WL 319935, at *1 (E.D.N.Y. Jan. 26, 2011) (quoting 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States")). Furthermore, a district court may not grant the writ "unless the petitioner has first exhausted the remedies available in the state court or shows that 'there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Henry*, 2011 WL 319935 at *1 (quoting 28 U.S.C. §§ 2254(b)(1)(A), 2254(b)(1)(B)(i)-(ii)). A federal claim is properly exhausted where it has been presented to the highest state court. *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 190-91 (2d Cir. 1982)). In the instant matter, petitioner has not yet been convicted thus is not in custody pursuant to the judgment of a state court. Nor has petitioner alleged to have appealed his constitutional claim to the highest state court having jurisdiction, nor could he given that his underlying criminal prosecution is not yet complete. Given that petitioner has not yet been convicted or exhausted his state court remedies, both of which are required prior to the filing of a petition

3

under § 2254, the petition is dismissed without prejudice.[2] *See* 28 U.S.C. § 2254; *Henry*, 2011 WL 319935, at *2 (citing *Haynes v. Fiorella*, No. 10-CV-0843, 2010 WL 4365832, at *1 (W.D.N.Y. Nov. 3, 2010) (dismissing without prejudice petitioner's § 2254 petition where there was no indication that petitioner had been convicted or had exhausted her state court remedies)); *see also Lynch v. DeMarco*, 11-CV-4708, 2011 WL 6097737, *2 (E.D.N.Y. Dec. 1, 2011) (*sua sponte* dismissing unexhausted § 2254 petition) (citations omitted); *see also* Rule 4 of the Rules Governing Section 2254 Habeas Corpus Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254 (if it plainly appears from the face of petition that petitioner is not entitled to relief, the judge must dismiss the petition). Moreover, the dismissal is without prejudice to the filing of a civil complaint pursuant to 42 U.S.C. § 1983 should petitioner wish to pursue a claim concerning the conditions of his confinement.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed without prejudice as it is premature and unexhausted. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

---

[2] Though in limited circumstances a pre-conviction petition may be brought pursuant to 28 U.S.C. § 2241, such circumstances are not alleged here.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: July 15, 2015
Central Islip, New York

Joseph F. Bianco
United States District Judge